IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ROBERT G. BREWNER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | CAUSE NO. 10-CV-489-WDS |
| DANA HOLDING CORPORATION, a/k/a DANA CORPORATION, | ) |  |
| Defendant. | ) |  |

## ORDER

**STIEHL, District Judge:**

Before the Court are defendant's motion to supplement its motion to dismiss (Doc. 23), its motion to dismiss pursuant to Fed. R. Civ. P. 37 and 41(b) (Doc. 17), and its motion for summary judgment (Doc. 15). Defendant's motion to supplement its motion to dismiss calls attention to the Court's show-cause order from February 25, 2011, having gone unheeded. In that order, the Court directed plaintiff to show cause within seven days why this matter should not be dismissed for want of prosecution under Fed. R. Civ. P. 41(b) (Doc. 19). Plaintiff filed two documents within the seven days, including a response to the Court's order, but the Clerk of Court struck them both for lack of a signature and directed plaintiff to refile them. Plaintiff has not done so. Consequently, neither document is now before the Court.

Plaintiff alleges that he was injured when he fell out of a dump truck belonging to the

Perry County Highway Department and that his injury occurred while he as employed as a road repair worker. Defendant manufactured the hydraulic pump on the truck, and plaintiff alleges the pump malfunctioned and caused him to slip and fall.

Defendant asserts that it propounded interrogatories and requests to produce in September 2010, as well as a supplemental interrogatory in October 2010, which plaintiff never answered. The Court's discovery schedule required plaintiff to disclose any experts and produce their Fed. R. Civ. P. 26 reports by November 15, 2010, and to tender them for deposition by December 15, 2010. Plaintiff has not complied with any of these deadlines. Nor has plaintiff sought an extension of any of the deadlines. The Court notes that discovery in this matter closed on March 8, 2011, and all dispositive motions were to be filed by March 23, 2011.

Defendant filed its motion for summary judgment on December 14, 2010. Defendant then filed its motion to dismiss for want of prosecution on January 27, 2011. And as mentioned above, the Court issued a show-cause order on February 25, 2011, directing plaintiff to show cause within seven days why this matter should not be dismissed for want of prosecution. Plaintiff has not responded to any of these motions or to the Court's order. Now defendant has filed a motion to supplement its previous motion to dismiss for failure to prosecute (Doc. 23). Defendant states that it has filed this latest motion "out of an abundance of caution" in case the Court either allows plaintiff to file belated responses or takes the stricken documents into consideration.

The Federal Rules of Civil Procedure state: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any

claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

The Court finds that plaintiff has failed to prosecute this action. He did not respond to defendant's interrogatories or follow the Court's discovery schedule. He neglected to respond to defendant's motions. Plaintiff also failed to comply with the Court's show-cause order. Accordingly, pursuant to Fed. R. Civ. P. 41(b), this action is hereby **DISMISSED WITH PREJUDICE** for want of prosecution.

**IT IS SO ORDERED.**

**DATED: 15 April, 2011**

                                           s/ WILLIAM D. STIEHL
                                               DISTRICT JUDGE